J-A10024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DENNIS GERALD MAISEY | : | |
| | : | |
| Appellant | : | No. 1238 MDA 2021 |

Appeal from the PCRA Order Entered September 9, 2021,
in the Court of Common Pleas of Columbia County,
Criminal Division at No(s): CP-19-CR-0000145-2019.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DENNIS GERALD MAISEY | : | |
| | : | |
| Appellant | : | No. 1239 MDA 2021 |

Appeal from the PCRA Order Entered September 9, 2021,
in the Court of Common Pleas of Columbia County,
Criminal Division at No(s): CP-19-CR-0000146-2019.

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.:      **FILED: SEPTEMBER 13, 2022**

Dennis Gerald Maisey appeals from the order denying his first petition

for relief pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§

9541-46.  In addition, PCRA counsel has filed a motion to withdraw.  We affirm

the order denying Maisey post-conviction relief and grant PCRA counsel's motion to withdraw.

On July 5, 2019, Maisey entered a guilty plea at multiple dockets to crimes including robbery of a local bank and the armed robbery of a local dollar store. Thereafter, the trial court sentenced him to a mitigated sentence at four of the dockets. Although the trial court ran these sentences consecutively, the sentences on the seven remaining dockets were imposed concurrently. This resulted in an aggregate sentence of 90 to 240 months of imprisonment. Maisey did not file a timely post-sentence motion or a direct appeal.[1]

On July 23, 2020, Maisey filed a *pro se* PCRA petition. Thereafter, the PCRA court appointed counsel, who filed a supplemental petition. On August 27, 2021, the court held an evidentiary hearing at which Maisey, and trial counsel testified. By order entered September 9, 2021, the PCRA court dismissed Maisey's petition. Maisey filed a timely appeal at each docket, which we consolidated. Instead of filing a Pa.R.A.P. 1925(b) statement, PCRA counsel filed notice of his intent to file an **Anders**[2] brief and motion to

_____

[1] On November 1, 2019, and February 24, 2020, Maisey filed *pro se* motions for reconsideration of sentence. It appears no action was taken on either of these filings prior to Maisey's filing of a petition for post-conviction relief.

[2] **Anders v. California**, 386 U.S. 738 (1967).

withdraw. Based on this filing, the PCRA court did not file a Pa.R.A.P. 1925(a) opinion.

In a prior memorandum, we noted that, despite two orders from this Court, PCRA counsel failed to file a motion to withdraw. We therefore remanded this case so that the PCRA court could appoint new counsel who "shall file either an advocate's brief or a *Turner*/*Finley* "no merit" letter and petition to withdraw. *Commonwealth v. Maisey*, 2022 WL 2112905 (Pa. Super. 2022).

Following remand, the PCRA court appointed counsel. PCRA counsel then filed an *Anders* brief and a motion to withdraw. Compliance with *Anders* applies to counsel who seeks to withdraw from representation on direct appeal. *Anders* imposes stricter requirements than those imposed when counsel seeks to withdraw during the post-conviction process pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). *See Commonwealth v. Fusselman*, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004). Thus, we will assess counsel's assertion that the issues Appellant wishes to raise have no merit under a *Turner*/*Finley* analysis.

Before we address the merits of the issues Maisey wished to raise on appeal however, we must first determine whether PCRA counsel's filing complies with the procedural requirements of *Turner* and *Finley*. A *Turner*/*Finley* "no merit" letter must: 1) detail the nature and extent of

counsel's review of the case; 2) list each issue the petition wishes to have reviewed; and 3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. **Commonwealth v. Knecht**, 219 A.3d 689, 691 (Pa. Super. 2019) (citation omitted). "Counsel must also send a copy of the [letter] to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel. **Id.** If these requirements are met, "we then conduct an independent review of the petitioner's issues." **Id.**

Here, PCRA counsel has complied with the **Turner**/**Finley** requirements. Within his brief, PCRA counsel provides a detailed review of Maisey's case. The brief also lists the issues Maisey wished to pursue and explains counsel's reasons for concluding that they are meritless. As part of his withdrawal motion, PCRA counsel has attached a letter addressed to Maisey informing him of counsel's motion to withdraw, attaching the brief, and explaining to him of his right to retain private counsel or proceed *pro se*. Given PCRA counsel's compliance, we must now determine if counsel's assessment of Maisey's claims is supported by the record.

On appeal, Maisey wished to challenge trial counsel's[3] ineffectiveness in failing to: 1) challenge the validity of his guilty plea; 2) file a motion for sentence reconsideration; and 3) file a direct appeal.

Our scope and standard of review is well settled:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted).

Maisey's claims allege the ineffective assistance of trial counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is

---

[3] Maisey was represented by two attorneys during the pertinent proceedings. For ease of discussion, our use of trial counsel refers to one or both.

of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's act or omission prejudiced the petitioner. *Id.* at 533.

Maisey first argues that trial counsel was ineffective for advising him to enter a guilty plea based upon erroneous advice. Regarding claims of ineffectiveness in relation to the entry of plea, we note:

> Ineffective assistance of counsel claims arising from the plea bargaining-process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter into an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> The standard for post-sentence withdraw of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, . . . under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating the entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (citations omitted).

Moreover, "[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing," and "[h]e bears the burden of proving otherwise." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citations omitted).

> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

*Id.* On appeal, this Court evaluates the adequacy of the plea colloquy and the voluntariness of the resulting plea by looking at the totality of the circumstances. *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011).

With these standards in mind, we address Maisey's first ineffectiveness claim. At the PCRA hearing, Maisey testified that, based on discussions with trial counsel, he believed that all of his sentences would be imposed concurrently. Contrarily, trial counsel testified that he never made any such representation and, that the trial court ran the majority of the sentences concurrent to the first four sentences that were imposed consecutively.

In rejecting this claim, the PCRA court first noted that Maisey's PCRA hearing testimony contradicted the answers he gave in both the oral and written guilty plea colloquies. Specifically, at these times Maisey acknowledged that no promises had been made and that the trial court could impose each sentence consecutively. *See* N.T., 8/27/21, at 24. Additionally, as a matter of credibility, the PCRA court believed trial counsel's version of the contested facts. We cannot disturb this determination. *See Commonwealth v. Harmon*, 738 A.2d 1023, 1025 (Pa. Super. 1999)

(explaining that when a PCRA court's determination of credibility is supported by the record, it cannot be disturbed on appeal). Thus, Maisey's first ineffectiveness claim fails.

In his remaining claims, Maisey asserts trial counsel was ineffective for failing to file a motion to reconsider his sentence and a direct appeal. At the PCRA hearing, Maisey testified that he wished to pursue both and ultimately filed a *pro se* reconsideration motion. Trial counsel testified that, although Maisey did ask him to file a motion for reconsideration of sentence, counsel advised against pursuing it, because the filing of the motion could work to his detriment. According to counsel, the sentencing scheme adopted by the trial court provided mitigation that counsel thought may be reconsidered by the court. Counsel testified that Maisey never requested an appeal.

Once again, the PCRA court found trial counsel's version of the facts to be more credible:

> It is specifically found that [trial counsel] were effective in their representation of [Maisey]. [Maisey] got the benefit of his bargain in being granted four consecutive sentences in the mitigated range and seven sentences that were concurrent.
>
> ***
>
> It is found as a matter of fact, as a result of [trial counsel's] testimony that no direct appeal was requested. It is found, as a matter of fact, that [Maisey's] guilty plea was knowing and voluntary. There were quite direct admonitions at the beginning of the guilty plea hearing telling [Maisey] that it had to be knowing and voluntary and that the [trial court] was inquiring into those issues very directly and that the [trial court] would not accept his guilty

- 8 -

> plea unless we were convinced that it was knowing and voluntary. We were convinced that it was knowing and voluntary and we continue to be convinced that it was knowing and voluntary.

PCRA Court's "Re-Sentence" Order, 9/7/21, at unnumbered 1-2.

Our review of the record supports the PCRA court's credibility determinations. **Harmon**, **supra**. We further note that at the conclusion of the evidentiary hearing, the PCRA court stated that, had a motion for reconsideration been filed, the court would have denied it without a hearing. **See** N.T. 8/27/21, at 24. Thus, Maisey is unable to establish prejudice. **See generally**, **Commonwealth v. Reaves**, 923 A.2d 1119 (Pa. 2007).

In sum, for the foregoing reasons, the PCRA court correctly denied Maisey's petition. Thus, we concur with PCRA counsel's assessment of the present appeal as frivolous. We therefore grant counsel's motion to withdraw and affirm the order denying Maisey post-conviction relief.

Motion to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2022